UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **DAYSE FIGUEROA,** | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 1:12-cv-11290-RWZ |
| **BANK OF AMERICA, N.A.** | ) | |
| and | ) | |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION** | ) | |
| Defendants | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND VACATE THE JUDGMENT**

NOW COMES, Plaintiff, Dayse Figueroa ("Plaintiff" or "Ms. Figueroa") and requests that this Honorable Court allow her Motion For Leave to Amend Complaint and Vacate the Judgment ("Motion to Amend").

**I.     FACTUAL AND PROCEEDURAL BACKGROUND AND SUMMARY OF PROPOSED AMENDMENTS**

On or about March 30, 2006, Ms. Figueroa purchased the property located at 45 Assunta Road, in Revere, Massachusetts (the "Property") in order to make of it her home. She has lived there ever since the purchased it for $425,000. Like the majority of home owners, she financed the purchase with a residential mortgage loan. Less than a year after she purchased the Property,

in November of 2006, Ms. Figueroa refinanced this original loan with two new loans (the "Refinance Loans"). Both of the Refinance Loans were originated by Greenpoint Mortgage Funding, and both were secured by mortgages upon the Property, with Mortgage Electronic Registration Systems, Inc. ("MERS") named as the mortgagee, solely as nominee for the loan originator.

On or about November 23, 2011, the First Refinance Loan was assigned by MERS to BAC Home Loans, LP, Bank of America, N.A.'s predecessor, and then to Federal National Association (Fannie Mae). Ms. Figueroa applied for a loan modification, but never received an answer as to whether she was approved or denied for a modification.

Fannie Mae foreclosed upon the Property giving as reasons Ms. Figueroa's default on the First Refinance Loan, with the foreclosure held by Orlans Moran, PLLC ("Orlans") on or about November 23, 2011. Orlans' representative at the auction was Karen Ferro. Interestingly, Ms. Ferro was not authorized to conduct the sale until after the fact on December 13, 2011, weeks after the sale occurred.

Plaintiff filed her original complaint in the Massachusetts Superior Court Department for Suffolk County, and it was timely removed to this Court based on diversity jurisdiction. Defendants filed a motion to dismiss the matter, which the Court granted, in part, on November 26, 2012. The Court dismissed counts related to the origination of the Refinance Loans, as such claims were past the statute of limitations. The Court dismissed a claim of breach of the duty of good faith, stating that Plaintiff had not plead either a violation of the guidelines in the Home Affordable Refinance Program ("HAMP"), or lack of notice that the foreclosure sale would actually take place, despite the Refinance Loans being under review for a loan modification.

2

Plaintiff now seeks to amend the original complaint by removing all claims and allegations regarding the origination of the refinance loans, and adding additional facts to support a claim for breach of the duty of good faith, as well as claims for a violation of M.G.L. c. 93A, as they relate to the foreclosure sale of the Property. Plaintiff also requests that this Court vacate the judgment dismissing the count for a breach of the duty of good faith, in light of the additional facts plead in the Amended Complaint.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide generous rules for amendments to a complaint, upon leave of the court. Fed. R. Civ. Pro. 15(a). A motion to amend a complaint "should be looked at with favor." Castellucci v. U.S. Fidelity and Guaranty Co., 361 NE 2d 1264, 1265 (Mass. 1977). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). This Court should not deny a motion to amend without a "justifying reason." Foman v. Davis, 371 U.S. 178, 182 (1962). Such a reason could include bad faith on the part of Plaintiff, or undue prejudice to the Defendants. Id.

Additionally, this Court may deny leave to amend should it find that an amendment would be futile. Id. That is to say, if the new claims raised would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this Court may deny a motion to amend. In re Fordham, 130 BR 632, 646 (Bankr. D. Mass. 1991) (citing Liberty Leather Corp. v. Callum, 653 F.2d 694, 700 (1st Cir. 1981); Communications Systems, Inc. v. City of Danville, Kentucky, 880 F.2d 887, 895 (6th Cir.1989)). Thus, this Honorable Court may analyze the new claims presented in the

Amended Complaint for whether they would survive a motion to dismiss, before granting leave to amend.

In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). And when considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Massachusetts., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Thus, if the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208. Additionally, this Court must accept as true all of the factual allegations contained in her complaint. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

### III.   ARGUMENT

Ms. Figueroa has raised significant and well formed allegations in the Amended Complaint, and justice requires that leave to amend be granted.

<u>A. Leave To Amend The Complaint Should Be Granted As There Has Been No Bad Faith By Plaintiff, And There Would Be No Prejudice To Defendants.</u>

As stated above, leave to amend a complaint should be freely granted unless there is a reason to deny such a motion, such as bad faith on the part of Plaintiff, or undue prejudice to the Defendants.  <u>Foman</u>, 371 U.S. at 182.  In this case, there has been no bad faith on the part of Plaintiff.  Plaintiff has not filed repeated motions to amend.  Additionally, there would be no prejudice to Defendants.  The case is still in its early stage, as no discovery has been conducted, and Defendants answer to the Complaint was filed only two weeks before this motion.  Hence, leave to amend should be granted unless this Court finds that the sought amendment would be futile.  <u>Id.</u>; <u>In re Fordham</u>, 130 BR at 646.

<u>B. Cout I Of The Amended Complaint, For Breach Of The Duty Of Good Faith And Reasonable Diligence Is Not Futile, As Plaintiff Has Now Pled Facts That Bring Her Case Squarely In Line With The Cases In The District Of Massachusetts Where Such A Claim Has Been Allowed.</u>

Plaintiff has alleged facts that state more than a plausible claim for relief in Count I of the Amended Complaint, and so the Motion to Amend is not futile.  She has pleaded that Defendants breached their duty of good faith and reasonable diligence by foreclosing on the Property without completing a review of Plaintiff for a loan modification.  Massachusetts law requires that a mortgagee who wishes to exercises the statutory power of sale do so in good faith and with reasonable diligence.  <u>Union Market Nat. Bank of Watertown v. Derderian</u>, 318 Mass. 578 (1945); <u>Antonellis v. Weinstein</u>, 258 Mass. 323 (1927); <u>Feuer v. Capilowich</u>, 242 Mass. 560 (1922).  This includes considering reasonable alternatives to foreclosure, and delaying a foreclosure sale if necessary.  <u>Snowden v. Chase Manhattan Mortg. Corp.</u>, 17 Mass.L.Rptr. 27, 2003 WL 22519518 at 2-3 (Mass.Super. 2003); <u>Cruz v. Hacienda Assocs., LLC (In re Cruz)</u>, No. 11-04006, 2011 WL 285229 (Bankr.D. Mass. Jan 26, 2011).  Additionally, Supplemental

Directive SD 09-01 to HAMP requires all servicers to "consider all eligible mortgage loans" and to modify loans that are eligible. "Dual track" foreclosures, where a foreclosure moves forward while a borrower is under review for loss mitigation, has increasingly come under fire as a bad faith practice by the banks. HAMP Supplemental Directive 09-01 requires that foreclosure activities stop while a loan modification is under review. The recent national mortgage settlement prohibited "dual track" foreclosures, prohibiting banks, including Defendant Bank of America, from foreclosing while a borrower is under review for a loan modification.[1] The Office of the Comptroller of the Currency has issued a guidance stating that dual track foreclosures should be avoided.[2] Defendant Fannie Mae is subject to a directive from the Federal Housing Finance Agency that prohibits dual track foreclosures.[3] Furthermore, a failure to conduct a sale in good faith or to comply strictly with statutory requirements can result in a sale being set aside in a suit in equity. See Cambridge Sav. Bank v. Cronin, 289 Mass. 379 (1935); Brooks v. Bennett, 277 Mass 8 (1931). A case very similar to the one at bar was recently heard by the Superior Court of Massachusetts, which found that a foreclosure held while a mortgage is under review for a loan modification is unfair and such a foreclosure is made in bad faith. Adamson v. Mortgage Electronic Registration Systems, 29 Mass. L. Rep. 33, 2011 Mass. Super. LEXIS 212, *30-31 (Mass. Super. Ct. October 19, 2011).

In the case at bar, Defendant, Bank of America, breached its duty of good faith and reasonable diligence by foreclosing on the Property while Ms. Figueroa was still under review for foreclosure alternatives, including a loan modification pursuant to HAMP. Snowden, 2003 WL 22519518 at 2-3; Cruz, 2011 WL 285229; Adamson, 2011 Mass. Super. LEXIS 212 at *30-

---

[1] National mortgage settlement information available at http://nationalmortgagesettlement.com/about. Consent judgment available at https://d9klfgibkcquc.cloudfront.net/Consent_Judgment_BoA-4-11-12.pdf, see page A-17.
[2] Available at http://www.occ.gov/news-issuances/bulletins/2011/bulletin-2011-29.html.
[3] Available at http://www.fhfa.gov/webfiles/21191/FAQs42811Final.pdf.

6

31. Plaintiff has stated, and still believes, that she was under review for a loan modification at the time the foreclosure took place. Hence, the foreclosure was held in bad faith, is void, and the Motion to Amend should be allowed.

> C. Count III Of The Amended Complaint, For Violation Of M.G.L. C. 93A Is Not Futile, As Plaintiff Has Now Pled Facts That Establish That Defendants' Actions In Holding The Foreclosure Sale Of The Property Were Unfair And Deceptive.

Plaintiff has alleged facts that state more than a plausible claim for relief in Count II of the Amended Complaint, and so the Motion to Amend is not futile. M.G.L. c. 93A prohibits "unfair or deceptive acts or practices." It "created new substantive rights" beyond those established by common law or statute. Commonwealth v. Fremont Inv. & Loan, 897 N.E.2d 548 (Mass. 1998). In defining whether an act or practice is unfair or deceptive, Massachusetts Courts look to "(1) whether the practice . . . is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers." PMP Assocs., Inc. v. Globe Newspaper Co., 321 N.E.2d 915, 917 (Mass. 1975); see Milliken & Co. v. Duro Textiles, LLC, 887 N.E.2d 244 (Mass. 2008).

A violation of HAMP regulations may be a violation of M.G.L. c. 93A. Morris v. BAC Home Loans Servicing, L.P., 775 F. Supp. 2d 255, 259 (D. Mass. 2011); Blackwood v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 42663 (D. Mass. 2011) (finding that an allegation that a foreclosure went forward while a borrower was under review for a loan modification could give a cause of action under M.G.L. c. 93A). The Court in Morris outlines a three part test, namely whether a (1) the plaintiff plead a violation of HAMP; (2) the violation was unfair and/or deceptive; and (3) recovery under M.G.L. c. 93A would not be contrary to the objectives of HAMP. Morris, 775 F. Supp. 2d at 259. A foreclosure while a homeowner is under review meets all three parts of the test. Blackwood, 2011 U.S. Dist. LEXIS 42663; Speleos v. BAC

7

Home Loans Servicing, LP, 824 F. Supp 2d 226 (D. Mass. 2011); Orozco v. GMAC Mortgage, LLC, No. 11-11135-FDS, 2012 U.S. Dist. LEXIS 141463, (D.Mass. 2012).

The foreclosure in this case was held while Plaintiff was under review for a loan modification.  Hence, it was a violation of HAMP in a manner that was unfair and deceptive, and so in violation of M.G.L. c. 93A.

Furthermore, even without the HAMP regulations, there is other grounds that show that a foreclosure while a borrower is under review for a loan modification is "within at least the penumbra of some common-law, statutory, or other established concept of unfairness."  PMP Assocs, 321 N.E.2d at 917.  As sated above, the recent national mortgage settlement prohibited "dual track" foreclosures, prohibiting banks, including Defendant Bank of America, from foreclosing while a borrower is under review for a loan modification,[4] and the Office of the Comptroller of the Currency has issued a guidance stating that dual track foreclosures should be avoided.[5]  The Federal Housing Finance Agency has stated that Fannie Mae must not dual track foreclosures.[6]  Additionally, Raj Date, Associate Director for Research, Markets, and Regulation of the Consumer Protection Bureau has stated that a "dual track" foreclosure is a wrongful foreclosure in testimony before Congress.[7]  California has implemented legislation prohibiting dual track foreclosures.  Cal. Civ. Code §2924.18.

In the case at bar, Plaintiff was foreclosed upon while she was awaiting a decision on an application for a loan modification.  Such a foreclosure is unfair, as Ms. Figueroa was given the hope and expectation that she would not be foreclosed on, and that Defendants would assist her

---

[4] National mortgage settlement information available at http://nationalmortgagesettlement.com/about.  Consent judgment available at https://d9klfgibkcquc.cloudfront.net/Consent_Judgment_BoA-4-11-12.pdf, see page A-17.
[5] Available at http://www.occ.gov/news-issuances/bulletins/2011/bulletin-2011-29.html.
[6] See Federal Housing Finance Agency FAQ, available at http://www.fhfa.gov/webfiles/21191/FAQs42811Final.pdf.
[7] Available at http://www.consumerfinance.gov/speeches/testimony-of-raj-date-before-the-subcommittee-on-financial-institutions-and-consumer-credit-and-the-subcommittee-on-oversight-and-investigations/

in escaping from an unsustainable financial situation.  Additionally, such an act is contrary to an established concept of unfairness.  It is only fair that a home owner should be able to rely on their mortgage servicer to consider them for alternatives to foreclosure, and refrain from foreclosing while all alternatives are explored.  Hence, Ms. Figueroa's Amended Complaint states a valid claim for a violation of M.G.L. c. 93A, and the Motion to Amend should be allowed.

## CONCLUSION

For the reasons states above, Plaintiff requests that this Court grant the Motion to Amend the Complaint and for such other relief as is just and proper.

Respectfully submitted,
Dayse Figueroa
Through Counsel,

/s/ *Carmenelisa Perez-Kudzma*
Carmenelisa Perez-Kudzma
BBO#633520
413 Boston Post Road
Weston, MA 02493
attorney.carmenelisa@gmail.com
978-505-3333

Dated: January 11, 2013

**Certificate of Service**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on August 24, 2012.

/s/ Carmenelisa Perez-Kudzma

Carmenelisa Perez-Kudzma