UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11290-RWZ

DAYSE FIGUEROA

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION

MEMORANDUM OF DECISION

May 20, 2013

ZOBEL, D.J.

Plaintiff Dayse Figueroa originally brought this case against Bank of America, N.A. ("BANA") and the Federal National Mortgage Association ("Fannie Mae"), alleging predatory lending and wrongful foreclosure. In a previous opinion (Docket # 13), I dismissed all of Figueroa's claims except her claim that the foreclosure sale was improperly conducted. After that decision, BANA asked to be dismissed from the case on the ground that it was not servicing Figueroa's loan at the time of the foreclosure sale. Figueroa did not oppose that motion, and so it was allowed.

Figueroa now moves to amend the complaint (Docket # 19) to revive her claims for breach of the duty of good faith and reasonable diligence and for unfair or deceptive business practices. Under the guise of a motion to substitute a party (Docket # 29), she seeks to add as a new defendant Seterus, Inc. ("Seterus"), claiming that it (not BANA) was servicing her loan when the foreclosure sale took place.

**I.      Factual Background**

My previous order has already described in some detail the facts alleged. Briefly, Figueroa refinanced her home in November 2006 through two mortgage loans, on which she subsequently defaulted. In September 2009, the mortgage securing one of the two loans was transferred to Fannie Mae. Figueroa applied for a loan modification, but Fannie Mae nevertheless instituted foreclosure proceedings and held a foreclosure sale on November 23, 2011.

**II.     Procedural Background**

Figueroa originally sought relief on seven counts. In Count I, she alleged that BANA and Fannie Mae had breached their duty of good faith and reasonable diligence by carrying out the foreclosure sale while her application for a loan modification was still pending. In Count II, she alleged that the foreclosure sale was void because the person who conducted the sale was not authorized to do so. Finally, in the remaining counts, she alleged various violations in connection with the origination of her loans.

BANA and Fannie Mae moved to dismiss the complaint, a motion that I allowed in part and denied in part. As to Count I, I noted that the law remains unclear on whether the duty of good faith and reasonable diligence forbids a mortgagee from foreclosing while the mortgagor has a loan modification application pending. Reviewing the cases finding a breach of duty under those circumstances, I explained that they generally relied on additional factors showing bad faith on the part of the mortgagee. Two such factors were a lack of notice to the mortgagor, and alleged violations of the federal Home Affordable Modification Program ("HAMP") Guidelines. Since Figueroa

had not alleged facts showing either of those additional factors, I allowed the motion to dismiss as to Count I. I also allowed the motion to dismiss as to the five counts related to the origination of Figueroa's loans. However, I denied the motion as to Count II, finding Figueroa had plausibly alleged that the person who carried out the foreclosure sale was not properly authorized. That decision left Count II as Figueroa's only remaining claim.

BANA subsequently sought dismissal on the ground that it was not servicing Figueroa's loan when the foreclosure sale took place. That motion was allowed without opposition, and the complaint currently proceeds only against Fannie Mae.

Figueroa now moves to amend her complaint in several respects. First, she proposes to add allegations that defendants breached the HAMP Guidelines by foreclosing on her house while she had a loan modification application pending. Based on those allegations, she seeks to revive her claim for a breach of the duty of good faith and reasonable diligence, and to add a claim for unfair or deceptive business practices. Second, she seeks to add Seterus as a defendant, claiming that it was servicing her loan when the foreclosure sale took place.

### III.     Analysis

The court "should freely grant leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court need not grant leave to amend if amendment would be futile or would reward undue delay. See Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009). An amendment is futile if the amended claim would still fail to survive a motion to dismiss. See Glassman v.

Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

Here, Figueroa's proposed amendments are futile.

### A.     Breach of the Duty of Good Faith and Reasonable Diligence

In Count I of the amended complaint, as in Count I of the original complaint, Figueroa claims that defendants breached their duty of good faith and reasonable diligence by proceeding with the foreclosure sale after she had applied for a loan modification. To support that claim, she now alleges that defendants breached the HAMP Guidelines by holding the foreclosure sale while her modification was pending.

That claim fails for two reasons. First, the new allegations that defendants breached the HAMP Guidelines are wholly conclusory. See Docket # 30 (proposed second amended complaint) ¶¶ 18-19. Figueroa does not allege any facts making her claim plausible. For instance, she does not state when she applied for a loan modification, how she applied, to whom she addressed the application, whether she received any response, or whether the modification process moved forward in any way. Given the absence of any factual detail about her alleged loan modification application, her allegation that defendants breached the HAMP Guidelines fails to cross the threshold from possible to plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Second, and more important, I conclude that simply proceeding with a foreclosure sale after the mortgagor has applied for a loan modification does not breach a mortgagee's duty of good faith and reasonable diligence. As I noted in my previous opinion, courts in this district have divided over that question. Compare, e.g., In re Cruz, 446 B.R. 1, 4-5 (Bankr. D. Mass. 2011) (finding breach), with Martins v. U.S.

Bank, Civil Action No. 11-11349-RGS, 2011 WL 4459135, at *1 n.3 (D. Mass. Sept. 26, 2011) (finding no breach). I now join with those judges who have interpreted the duty of good faith and reasonable diligence more narrowly. Consequently, even if Figueroa had stated a HAMP violation, she would not have a claim here for breach of the duty of good faith and reasonable diligence.

Under Massachusetts law, "a mortgagee in exercising a power of sale in a mortgage must act in good faith and must use reasonable diligence to protect the interests of the mortgagor." West Roxbury Co-op Bank v. Bowser, 87 N.E.2d 113, 115 (Mass. 1949).[1] That duty is generally satisfied if the mortgagee complies with the Massachusetts statutes governing foreclosure sales, "unless the mortgagee's conduct manifested fraud, bad faith, or the absence of reasonable diligence in the foreclosure sale process." Pemstein v. Stimpson, 630 N.E.2d 608, 611 (Mass. App. Ct. 1994). The mortgagee's duty is "more exacting" when it looks to buy the property at the foreclosure sale; under those circumstances, it must observe "the strictest good faith and the utmost diligence" on behalf of the mortgagor. Williams v. Resolution GGF OY, 630 N.E.2d 581, 584 (Mass. 1994). But even under those circumstances, the mortgagee is

---

[1] Despite their similar names, a mortgagee's duty of good faith and reasonable diligence in conducting a foreclosure sale has nothing to do with the more familiar contractual duty of good faith and fair dealing. The former is "an independent duty at common law" that applies only to mortgagees exercising a power of sale. Teixeira v. Fed. Nat'l Mortg. Ass'n, Civil Action No. 10-11649-GAO, 2011 WL 3101811, at *2 (D. Mass. July 18, 2011). It serves to check "the substantial power that the statutory scheme affords to a mortgage holder to foreclose without judicial oversight," U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 49 (Mass. 2011), by requiring mortgagees to exercise that power appropriately. The duty of good faith and fair dealing, on the other hand, has nothing to do with the mortgagee-mortgagor relationship or the statutory power of sale. It is instead a covenant, implied in every contract, that requires the parties to honor the spirit of their agreement. See, e.g., Latson v. Plaza Home Mortg., 708 F.3d 324, 326 (1st Cir. 2013). Unlike the duty of good faith and reasonable diligence, it must be grounded in some contract between the parties, because "without a contract, there is no covenant to be breached." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 230 (1st Cir. 2005).

not required to take all possible steps that might increase the value obtained for the property. For instance, the mortgagee need not advertise the sale more extensively than Mass. Gen. Laws ch. 244, § 14 and common practice require, even if there is some possibility it might find a higher bidder by doing so. See Bowser, 87 N.E.2d at 115.[2]

Importantly, the mortgagee's duty of good faith and reasonable diligence is focused on its conduct of the foreclosure sale. See, e.g., Seppala & Aho Constr. Co. v. Petersen, 367 N.E.2d 613, 619 (Mass. 1977) ("[T]his duty requires effort and attention by the mortgagee to conduct the sale of the property fairly and in good faith through the observance of the procedural requirements of the statutes and the mortgage." (emphasis added)). That focus stems from the nature and purpose of the duty itself. Under Massachusetts law, a mortgagee has "substantial power" to foreclose on a home and sell it without any judicial oversight. U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 49 (Mass. 2011). An unscrupulous mortgagee could easily abuse that power. For instance, it might foreclose on a valuable property, and then sell the property for a nominal amount to a confederate in a secret auction. The duty of good faith and reasonable diligence, like the statute's explicit procedural requirements, is designed to prevent such abuses of the statutory power of sale.

Count I of the proposed amended complaint does not allege any abuse of the statutory power of sale. Instead, it challenges Fannie Mae's failure to finish considering

---

[2] Cf. In re Edry, 201 B.R. 604, 607-08 (Bankr. D. Mass. 1996) (finding that a conscious decision to place minimal advertising, not consistent with general practice, violated the duty of good faith and reasonable diligence even though the advertising complied with the statutory requirements).

a loan modification before foreclosing. But Fannie Mae was not bound to act as a fiduciary for Figueroa in deciding whether or not to pursue foreclosure; it was only bound to act as a fiduciary in actually conducting the foreclosure process. See Adamson v. Mortg. Elec. Registration Sys., 29 Mass. L. Rptr. 33, 2011 WL 4985490, at *11 (Mass. Super. 2011).

Figueroa also argues that the duty of good faith and reasonable diligence requires a mortgagee to consider all reasonable alternatives to foreclosure. But that interpretation finds no support in the cases she cites. In Snowdon v. Chase Manhattan Mortg. Corp., 17 Mass. L. Rptr. 27, 2003 WL 22519518 (Mass. Super. 2003), the court found the mortgagee had breached its duty by refusing to postpone the scheduled auction to accommodate a willing and financially capable buyer. That case stands only for the proposition that once foreclosure has commenced, the mortgagee must consider any buyers that the mortgagor brings to its attention. But Snowdon clearly does not require mortgagees to consider offering a loan modification. See id. at *5 (emphasizing that "[t]he plaintiffs did not ask Chase to alter the terms of the mortgage or note, nor to accept payment at a discounted rate"). Likewise, the decision in Adamson v. Mortgage Electronic Registration Systems squarely holds that mortgagees are "under no duty to negotiate a mortgage modification prior to foreclosure." 2011 WL 4985490 at *11. Finally, the bankruptcy court decision in In re Cruz did find a possible breach of duty on the facts presented, but it never adopted a broad requirement that a mortgagee must consider all reasonable alternatives to foreclosure. See 446 B.R. at 4-5.

Figueroa's interpretation of the duty of good faith and reasonable diligence

7

would place an untenable strain on the foreclosure process. Under her rule, any mortgagor in default could instantly halt the foreclosure process just by applying for a modification, no matter how hopeless her finances. That rule is not indicated by the careful statutory scheme that regulates foreclosure in other respects. See, e.g., Mass. Gen. Laws. ch. 244, §§ 11-17C; cf. Ibanez, 941 N.E.2d at 646-47 (requiring strict compliance with the foreclosure statutes).

I therefore hold that the duty of good faith and reasonable diligence does not require a mortgagee to refrain from foreclosure while a mortgagor's application for a loan modification is pending. Figueroa's proposed claim for breach of that duty is consequently futile.

One final note: This holding does not imply that a mortgagee may abuse the loan modification process in order to foreclose in bad faith. For instance, a mortgagee may not negotiate in bad faith with a mortgagor, actively lull the mortgagor into believing that a modification is imminent, and then deny the modification and spring a foreclosure sale at the last moment. See Adamson, 2011 WL 4985490 at *11 (mortgagee is "required to act in good faith once it voluntarily enter[s] into modification negotiations"); cf. In re Cruz, 446 B.R. at 4-5 (finding a possible breach where the mortgagee denied a modification and then held the foreclosure sale eight days later). Those facts, however, are not presented here. No factual allegation in the complaint shows that any of the defendants negotiated in bad faith with Figueroa over her loan modification application; indeed, no factual allegation shows that any of the defendants contacted her at all about the application, or even received it in the first place. Figueroa alleges

only that (1) she applied for a loan modification and (2) the foreclosure sale proceeded while that application was still pending. For the reasons given above, even if Figueroa had stated a violation of the HAMP Guidelines, her allegations do not state a claim for breach of the duty of good faith and reasonable diligence.

### B. Unfair or Deceptive Business Practices

Figueroa's proposed claim under Mass. Gen. Laws ch. 93A, charging defendants with unfair or deceptive business practices, fails for largely the same reasons. She argues primarily that defendants are liable under Chapter 93A because they violated the HAMP Guidelines. See Morris v. BAC Home Loans Servicing, 775 F. Supp. 2d 255, 259 (D. Mass. 2011) ("[A] violation of HAMP that is deceptive or unfair could create a viable claim for relief under Chapter 93A.") But as described above, Figueroa has not alleged sufficient facts to make it plausible that defendants actually violated the HAMP Guidelines. Moreover, even had she stated a HAMP violation, that violation "does not automatically give rise to a Chapter 93A claim." Id. Instead, Figueroa must allege facts showing that the violation was unfair or deceptive. See id. at 259-60, 262-63. That she has certainly failed to do. The mere allegation that defendants foreclosed while her loan modification was pending is not enough to show unfairness or deception. See id. at 263; cf. Blackwood v. Wells Fargo Bank, Civil Action No. 10-10483-JGD, 2011 WL 1561024, at *4 (D. Mass. Apr. 22, 2011) (finding plaintiff stated a Chapter 93A claim by alleging "numerous misrepresentations regarding the status of his application for a HAMP modification as well as concerning the defendants' intention to foreclose").

Figueroa also argues that defendants' conduct violated Chapter 93A even if it did not breach the HAMP regulations, because it fell "within at least the penumbra of some common-law, statutory, or other established concept of unfairness." PMP Assocs. v. Globe Newspaper Co., 321 N.E.2d 915, 917 (Mass. 1975) (quoting Statement of Basis and Purpose, 29 Fed. Reg. 8324, 8355 (July 2, 1964)). She has submitted a variety of materials to support her claim that "dual track" foreclosures, in which a mortgagee simultaneously considers a mortgagor for a loan modification while also proceeding with the foreclosure process, are unfair. After reviewing those materials, however, I am persuaded that they are distinguishable for various reasons, and that the proposed complaint does not plead facts showing defendants' actions here were unfair. Accordingly, it fails to state a Chapter 93A claim.

### C. Seterus

Finally, Figueroa seeks to add Seterus as a new defendant. The only claim remaining in Figueroa's complaint is Count II, which alleges that Fannie Mae breached Mass. Gen. Laws ch. 244, § 14 because the person conducting the foreclosure sale was not properly authorized to do so. But Figueroa has not pleaded any facts connecting Seterus, the alleged servicer of her loan, to that breach. Therefore, leave to add Seterus as a defendant is denied.

## IV. Conclusion

Figueroa's motions to amend her complaint (Docket ## 19 and 29) are DENIED.

    May 20, 2013                            /s/Rya W. Zobel

DATE                                                                RYA W. ZOBEL
                                                         UNITED STATES DISTRICT JUDGE